ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
            brian.s.marshall@doj.state.or.us

Attorneys for Brown, Gill, Allen, and Hampton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HERMISTON CHRISTIAN CENTER d/b/a HERMISTON CHRISTIAN SCHOOL, <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE BROWN, in her official capacity as Governor of the State of Oregon; COLT GILL, in his official capacity as the Director of the Oregon Department of Education; PATRICK ALLEN, in his official capacity as the Director of the Oregon Health Authority; JOSEPH FIUMARA, JR, in his official capacity as Director of the Umatilla County Public Health Department; TRAVIS HAMPTON, in his official capacity as Superintendent of the Oregon State Police; TERRY ROWAN, in his official capacity as Umatilla County Sheriff, <br><br> Defendants. | Case No.  2:20-CV-01795-SU <br><br> **STATE DEFENDANTS' ANSWER AND DEFENSES** |

Page 1 -   **STATE DEFENDANTS' ANSWER AND DEFENSES**
      MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Defendants Katherine Brown, Colt Gill, Patrick Allen, and Travis Hampton (together "State Defendants"), by and through their attorneys Marc Abrams, and Brian Marshall, answer plaintiffs' Complaint and set forth defenses as follows:

## GENERAL RESPONSE

State Defendants deny each and every material allegation of plaintiff's Complaint not expressly admitted herein.

## INTRODUCTION

1.

To the extent the allegations in Paragraph 1 are not legal conclusions to which no response is required, State Defendants deny same.

2.

To the extent the allegations in Paragraph 2 are not legal conclusions to which no response is required, State Defendants deny same.

3.

To the extent the allegations in Paragraph 3 are not legal conclusions to which no response is required, State Defendants deny same.

4.

To the extent the allegations in Paragraph 4 are not legal conclusions to which no response is required, State Defendants deny same.

5.

To the extent the allegations in Paragraph 5 are not legal conclusions to which no response is required, State Defendants deny same.

6.

State Defendants deny the allegations in Paragraph 6.

7.

State Defendants deny the allegations in Paragraph 7.

Page 2 -   **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

8.

State Defendants deny the allegations in Paragraph 8.

9.

To the extent the allegations in Paragraph 9 are not legal conclusions to which no response is required, State Defendants deny same.

10.

To the extent the allegations in Paragraph 10 are not legal conclusions to which no response is required, State Defendants deny same.

11.

State Defendants admit HCS is eight miles south of the Washington/Oregon border. State Defendants deny knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 11 and therefore deny same. To the extent the remaining allegations in Paragraph 11 are not legal conclusions to which no response is required, State Defendants deny same.

12.

To the extent the allegations in Paragraph 12 are not legal conclusions to which no response is required, State Defendants deny same.

13.

To the extent the allegations in Paragraph 13 are not legal conclusions to which no response is required, State Defendants deny same.

**JURISDICTION AND VENUE**

14.

The allegations in Paragraph 14 are legal conclusions to which no response is required.

15.

State Defendants admit that jurisdiction is proper in this Court.

Page 3 -   **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

16.

The allegations in Paragraph 16 are legal conclusions to which no response is required.

17.

State Defendants admit that venue is proper in the District of Oregon.

18.

State Defendants admit that divisional venue is proper.  However, State Defendants contend this case should be assigned to Judge Mosman, because this case shares common questions of law and fact with *Horizon Christian School et al. v. Brown*, No. 3:20-cv-01345-MO (D. Or.).  *See* ECF No. 10.

**PLAINTIFF**

19.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and therefore deny same.

20.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and therefore deny same.

21.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and therefore deny same.

22.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 and therefore deny same.

23.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and therefore deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

24.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and therefore deny same.

25.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 25  and therefore deny same.

26.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 and therefore deny same.

27.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and therefore deny same.

28.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore deny same.

29.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and therefore deny same.

30.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 and therefore deny same.

31.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 and therefore deny same.

Page 5 -   **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

32.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 and therefore deny same.

33.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 and therefore deny same.

34.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 and therefore deny same.

35.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 and therefore deny same.

36.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 and therefore deny same.

37.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 and therefore deny same.

38.

To the extent the allegations in Paragraph 38 are not legal conclusions to which no response is required, State Defendants deny same.

39.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 and therefore deny same.

Page 6 -    **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## DEFENDANTS

### 40.

State Defendants admit Kate Brown is the Governor of Oregon. The remaining allegations in Paragraph 40 are legal conclusions to which no response is required.

### 41.

State Defendants admit the Governor Brown serves as the chief executive of the state. State Defendants deny there is a "Religious Instruction Ban." The remaining allegations in Paragraph 41 are legal conclusions to which no response is required.

### 42.

State Defendants admit Colt Gill is the Director of the Oregon Department of Education. The remaining allegations in Paragraph 42 are legal conclusions describing Plaintiff's claims to which no response is required.

### 43.

State Defendants deny there is a "Religious Instruction Ban."  The remaining allegations in Paragraph 43 are not legal conclusions to which no response is required, State Defendants deny same.

### 44.

State Defendants admit Patrick Allen is the Director of the Oregon Health Authority. The remaining allegations in Paragraph 44 are legal conclusions to which no response is required.

### 45.

To the extent the allegations in Paragraph 45 are not legal conclusions to which no response is required, State Defendants deny same.

### 46.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and therefore deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

47.

To the extent the allegations in Paragraph 47 are not legal conclusions to which no response is required, State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and therefore deny same.

48.

State Defendants deny Hampton is Superintendent of the Oregon State Police. The remaining allegations in Paragraph 48 are legal conclusions describing Plaintiff's claims to which no response is required.

49.

To the extent the allegations in Paragraph 49 are not legal conclusions to which no response is required, State Defendants deny same.

50.

To the extent the allegations in Paragraph 50 are not legal conclusions to which no response is required, State Defendants deny knowledge or information sufficient to form a belief as to the allegations.

51.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore deny same.

52.

To the extent the allegations in Paragraph 52 are not legal conclusions to which no response is required, State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 and therefore deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FACTUAL ALLEGATIONS

### 53.

State Defendants refer the Court to Executive Order 20-03 for a full and complete explanation of its contents and otherwise decline to plead in response to the first sentence in Paragraph 53.State Defendants admit the allegations in the second sentence Paragraph 53.

### 54.

State Defendants refer the Court to Executive Order 20-08 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 54, except admit the order was issued on March 17, 2020.

### 55.

State Defendants refer the Court to Executive Order 20-20 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 55, except admit the order was issued on April 23, 2020.

### 56.

State Defendants refer the Court to Executive Order 20-20 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 56.

### 57.

State Defendants refer the Court to Executive Order 20-20 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 57, except admit the order was issued on June 24, 2020.

### 58.

State Defendants refer the Court to Executive Order 20-29 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 58.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

59.

State Defendants admit the allegations in Paragraph 59 but state that does not mean the State has no regulatory authority over such entities for aspects of their operation other than instructional choices, including health and safety requirements.

60.

State Defendants refer the Court to Executive Order 20-29 for a full and complete explanation of its contents and otherwise decline to plead in response to the first sentence of Paragraph 60.  The second sentence of Paragraph 60 consists of legal conclusions to which no response is required.

61.

State Defendants admit the allegations in Paragraph 61.

62.

State Defendants refer the Court to "Ready Schools, Safe Learners" Version 4.0.0 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 62.

63.

State Defendants refer the Court to "Ready Schools, Safe Learners" Version 4.0.0 and its predecessors for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 63.

64.

State Defendants refer the Court to the first three versions of "Ready Schools, Safe Learners" for a full and complete explanation of their contents and otherwise decline to plead in response to Paragraph 64.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

65.

State Defendants refer the Court to the first three versions of "Ready Schools, Safe Learners" for a full and complete explanation of their contents and otherwise decline to plead in response to Paragraph 65.

66.

State Defendants admit the allegations in Paragraph 66.

67.

State Defendants refer the Court to "Ready Schools, Safe Learners" Version 3.0.1 for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 67.

68.

State Defendants refer the Court to "Ready Schools, Safe Learners" Version 3.0.1 for a full and complete explanation of its contents and deny the remaining allegations in Paragraph 68.

69.

State Defendants deny the allegations in Paragraph 69.

70.

State Defendants assert that the Starrett question is taken out of context such that the allegation is untruthful, and therefore deny it and deny the remaining allegations in Paragraph 70.

71.

State Defendants assert that the Horner statement is taken out of context such that the allegation is untruthful, and therefore deny it and deny the remaining allegations in Paragraph 71.

72.

State Defendants admit that between August 11 and October 30, 2020, ODE and OHA issued their fifth, sixth, seventh and eighth versions of guidance, and deny the remaining allegations in Paragraph 72.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

73.

State Defendants refer the Court to "Ready Schools, Safe Learners" Version 4.0.0 for a full and complete explanation of its contents and deny the remaining allegations in Paragraph 73.

74.

State Defendants state that the alleged metrics apply to all schools, whether public or private, in counties with over 30,000 population, and otherwise refer the Court to "Ready Schools, Safe Learners" Version 4.0.0 for a full and complete explanation of its contents and deny the remaining allegations in Paragraph 74.

75.

State Defendants admit the allegations in Paragraph 75.

76.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 76.

77.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 77.

78.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 78.

79.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 79.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

80.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning," version 3.7.5, for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 80.

81.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning," version 3.7.8, for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 81.

82.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 82, and therefore deny same.

83.

State Defendants refer the Court to the Ukiah School District Operational Blueprint for Reentry for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 83.

84.

State Defendants admit the Ukiah School District is currently open, but otherwise deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 84, and therefore deny same.

85.

State Defendants admit the Umatilla County metrics prohibit HCS from reopening for full-time in-person instruction. State Defendants deny this is due to the school's religious status. State Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 85, and therefore deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

86.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, and therefore deny same.

87.

State Defendants refer the Court to "Guidance for Limited In Person Instruction During Comprehensive Distance Learning" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 87.

88.

To the extent the allegations in Paragraph 88 are not legal conclusions to which no response is required, State Defendants deny same.

89.

To the extent the allegations in Paragraph 89 are not legal conclusions to which no response is required, State Defendants deny same.

90.

State Defendants admit the allegations in Paragraph 90.

91.

State Defendants refer the Court to "Health and Safety Guidelines for Child Care and Early Education Operating Under Covid-19" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 91.

92.

State Defendants refer the Court to "Health and Safety Guidelines for Child Care and Early Education Operating Under Covid-19" for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 92.

93.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 93, and therefore deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

94.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 94, and therefore deny same.

95.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 95, and therefore deny same.

96.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 96, and therefore deny same.

97.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 97, and therefore deny same.

98.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 98, and therefore deny same.

99.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 99, and therefore deny same.

100.

State Defendants refer the Court to the Hermiston Christian School Operational Blueprint for Recovery, which speaks for itself, for a full and complete explanation of its contents, state it was submitted on August 11, 2020, and deny the remaining allegations in Paragraph 100.

101.

State Defendants refer the Court to Hermiston Christian's first Operational Blueprint for Reentry for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 101.

Page 15 -  **STATE DEFENDANTS' ANSWER AND DEFENSES**

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

102.

State Defendants refer the Court to Hermiston Christian's first Operational Blueprint for Reentry for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 102.

103.

State Defendants refer the Court to Hermiston Christian's second Operational Blueprint for Reentry for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 103.

104.

State Defendants refer the Court to Hermiston Christian's second Operational Blueprint for Reentry for a full and complete explanation of its contents and otherwise decline to plead in response to Paragraph 104.

105.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 105, and therefore deny same.

106.

State Defendants refer the Court to the application, which speaks for itself, for a full and complete explanation of its contents.  State Defendants further state it was dated September 4, 2020 and received September 9, 2020.  State Defendants deny the remaining allegations in Paragraph 106.

107.

State Defendants admit the allegations in Paragraph 107.

108.

State Defendants admit the allegations in Paragraph 108.

109.

State Defendants admit the allegations in Paragraph 109.

MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

110.

State Defendants admit the allegations in Paragraph 110.

111.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 111, and therefore deny same.

112.

State Defendants deny the allegations in Paragraph 112.  State Defendants additionally deny the allegations because "substantially similar" is too vague to be susceptible to reasonable interpretation.

113.

As "substantially similar" is too vague to be susceptible to reasonable interpretation, State Defendants deny the allegations in Paragraph 113.

114.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 114, and therefore deny same.

115.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 115, and therefore deny same.

116.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 116, and therefore deny same.

117.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 117, and therefore deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

118.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 118, and therefore deny same.

**LEGAL ALLEGATIONS**

119.

To the extent the allegations in Paragraph 119 are not legal conclusions to which no response is required, State Defendants deny same.

120.

To the extent the allegations in Paragraph 120 are not legal conclusions to which no response is required, State Defendants deny same.

121.

To the extent the allegations in Paragraph 121 are not legal conclusions to which no response is required, State Defendants deny same.

122.

To the extent the allegations in Paragraph 122 are not legal conclusions to which no response is required, State Defendants deny same.

123.

To the extent the allegations in Paragraph 123 are not legal conclusions to which no response is required, State Defendants deny same.

124.

To the extent the allegations in Paragraph 124 are not legal conclusions to which no response is required, State Defendants deny same.

125.

To the extent the allegations in Paragraph 125 are not legal conclusions to which no response is required, State Defendants deny same.

Page 18 -  **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983**

**VIOLATION OF THE FIRST AMENDMENT**

**(FREE EXERCISE)**

126.

State Defendants repeat and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein.

127.

The allegations in Paragraph 127 are legal conclusions to which no response is required.

128.

To the extent the allegations in Paragraph 128 are not legal conclusions to which no response is required, State Defendants deny same.

129.

To the extent the allegations in Paragraph 129 are not legal conclusions to which no response is required, State Defendants deny same.

130.

To the extent the allegations in Paragraph 130 are not legal conclusions to which no response is required, State Defendants deny same.

131.

To the extent the allegations in Paragraph 131 are not legal conclusions to which no response is required, State Defendants deny same.

132.

To the extent the allegations in Paragraph 132 are not legal conclusions to which no response is required, State Defendants deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

133.

To the extent the allegations in Paragraph 133 are not legal conclusions to which no response is required, State Defendants deny same.

134.

To the extent the allegations in Paragraph 134 are not legal conclusions to which no response is required, State Defendants deny same.

135.

To the extent the allegations in Paragraph 135 are not legal conclusions to which no response is required, State Defendants deny same.

136.

To the extent the allegations in Paragraph 136 are not legal conclusions to which no response is required, State Defendants deny same.

137.

To the extent the allegations in Paragraph 137 are not legal conclusions to which no response is required, State Defendants deny same.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983

## VIOLATION OF THE FOURTEENTH AMENDMENT

## (SUBSTANTIVE DUE PROCESS—PARENTAL RIGHTS/RIGHTTO AN EDUCATION)

138.

State Defendants repeat and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein.

139.

The allegations in Paragraph 139 are legal conclusions to which no response is required.

140.

The allegations in Paragraph 140 are legal conclusions to which no response is required.

Page 20 -  **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX

141.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 141, and therefore deny same.

142.

To the extent the allegations in Paragraph 142 are not legal conclusions to which no response is required, State Defendants deny knowledge or information sufficient to form a belief as to the allegations, and therefore deny same.

143.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 143, and therefore deny same.

144.

To the extent the allegations in Paragraph 144 are not legal conclusions to which no response is required, State Defendants deny same.

145.

To the extent the allegations in Paragraph 145 are not legal conclusions to which no response is required, State Defendants deny same.

146.

To the extent the allegations in Paragraph 146 are not legal conclusions to which no response is required, State Defendants deny same.

147.

To the extent the allegations in Paragraph 147 are not legal conclusions to which no response is required, State Defendants deny same.

148.

To the extent the allegations in Paragraph 148 are not legal conclusions to which no response is required, State Defendants deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983**

**VIOLATION OF THE FOURTEENTHS AMENDMENT**

**(EQUAL PROTECTION)**

149.

State Defendants repeat and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein.

150.

To the extent the allegations in Paragraph 150 are not legal conclusions to which no response is required, State Defendants deny same.

151.

To the extent the allegations in Paragraph 151 are not legal conclusions to which no response is required, State Defendants deny same.

152.

To the extent the allegations in Paragraph 152 are not legal conclusions to which no response is required, State Defendants deny same.

153.

To the extent the allegations in Paragraph 153 are not legal conclusions to which no response is required, State Defendants deny same.

**FOURTH CAUSE OF ACTION**

**42 U.S.C. § 1983**

**VIOLATION OF THE FIRST AMENDMENT**

**(FREE SPEECH AND EXPRESSIVE ASSOCATION)**

154.

State Defendants repeat and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

155.

To the extent the allegations in Paragraph 155 are not legal conclusions to which no response is required, State Defendants deny same.

156.

To the extent the allegations in Paragraph 156 are not legal conclusions to which no response is required, State Defendants deny knowledge or information sufficient to form a belief as to the allegations, and therefore deny same.

157.

The allegations in Paragraph 157 are legal conclusions to which no response is required.

158.

To the extent the allegations in Paragraph 158 are not legal conclusions to which no response is required, State Defendants deny same.

159.

To the extent the allegations in Paragraph 159 are not legal conclusions to which no response is required, State Defendants deny same.

160.

To the extent the allegations in Paragraph 160 are not legal conclusions to which no response is required, State Defendants deny same.

161.

To the extent the allegations in Paragraph 161 are not legal conclusions to which no response is required, State Defendants deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FIFTH CAUSE OF ACTION

## 42 U.S.C. § 1983

## VIOLATION OF THE FIRST AMENDMENT

## (RIGHT TO ASSEMBLE)

162.

State Defendants repeat and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein.

163.

To the extent the allegations in Paragraph 163 are not legal conclusions to which no response is required, State Defendants deny same.

164.

To the extent the allegations in Paragraph 164 are not legal conclusions to which no response is required, State Defendants deny same.

165.

To the extent the allegations in Paragraph 165 are not legal conclusions to which no response is required, State Defendants deny same.

166.

To the extent the allegations in Paragraph 166 are not legal conclusions to which no response is required, State Defendants deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**SIXTH CAUSE OF ACTION**

**42 U.S.C. § 1983**

**VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS**

**(HYBRID RIGHTS: FREE EXERCISE—PARENTAL RIGHTS)**

167.

State Defendants repeat and re-allege their answers to Paragraphs 1 through 125 as if fully set forth herein.

168.

The allegations in Paragraph 168 are legal conclusions to which no response is required.

169.

State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 169, and therefore deny same.

170.

To the extent the allegations in Paragraph 170 are not legal conclusions to which no response is required, State Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 170, and therefore deny same.

171.

To the extent the allegations in Paragraph 171 are not legal conclusions to which no response is required, State Defendants deny same.

172.

To the extent the allegations in Paragraph 172 are not legal conclusions to which no response is required, State Defendants deny same.

173.

To the extent the allegations in Paragraph 173 are not legal conclusions to which no response is required, State Defendants deny same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

174.

To the extent the allegations in Paragraph 174 are not legal conclusions to which no response is required, State Defendants deny same.

## FIRST DEFENSE

## FAILURE TO STATE A CLAIM

175.

Plaintiffs' claims for relief fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

## OBJECTIVE, NON-DISCRIMNATORY REASONS

176.

Defendants had valid, legitimate, objectively reasonable, and non-discriminatory reasons for all actions taken, and such actions were not based upon any improper motive or taken for any improper purpose.

## THIRD DEFENSE

## PLAINTIFF RESPONSIBLE FOR HARM

177.

Some or all of the harm complained of was a result of the Plaintiff's own actions or inactions.

## FOURTH DEFENSE

## FAILURE TO MITIGATE DAMAGES

178.

Plaintiff has failed to mitigate its damages.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FIFTH DEFENSE

## ELEVENTH AMENDMENT

179.

Plaintiff's damages are claims against the State Defendants are barred by the Eleventh Amendment.

## SIXTH DEFENSE

## GOOD FAITH IMMUNITY

180.

All actions taken by State Defendants were at all times privileged, reasonable and appropriate, and were taken in objective good faith, and they are therefore entitled to good faith immunity from plaintiffs' 42 U.S.C. § 1983 claims.

## SEVENTH DEFENSE

## QUALIFIED GOOD FAITH IMMUNITY

181.

To the extent that any action complained of herein violated a right of Plaintiff's, under the circumstances presented, no reasonable public official could have understood that their conduct represented a violation of plaintiffs' clearly established rights.  State Defendants are therefore entitled to qualified good faith immunity.

## EIGHTH DEFENSE

## SCOPE OF INJUNCTIVE RELIEF

182.

Plaintiff lacks standing to seek an injunction to forbid enforcement of the Executive Orders against schools other than themselves and such relief is barred by Rule 65 and the principles of equity.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## NINTH DEFENSE

## LACHES

183.

Any claim for emergency or other preliminary injunctive relief is barred by laches and the principles of equity.

## PRAYER FOR RELIEF

184.

State Defendants deny that Plaintiff is entitled to any relief.

**WHEREFORE** Defendants pray as follows:

1.      That Plaintiff be denied recovery or the relief requested upon the claims set forth in the Complaint and that the Complaint be dismissed with prejudice in its entirety and judgment be entered for the State Defendants;

2.      That the State Defendants recover their reasonable costs and attorneys' fees expended in defense of this matter; and

3.      That the State Defendants be granted such other and further relief as this Court deems just and equitable.

_s/Marc Abrams_
MARC ABRAMS #890149
Assistant Attorney-in-Charge
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
brian.s.marshall@doj.state.or.us
Of Attorneys for Brown, Gill, Allen and Hampton

Page 28 -  **STATE DEFENDANTS' ANSWER AND DEFENSES**
MA/jh2/10490364.DOCX